UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CHRIS McNABB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v ) | No. _____ |
| ) | JURY DEMANDED |
| CITY OF MEDINA, TENNESSEE, ) | |
| VANCE COLEMAN in his individual and ) | |
| official capacities as the Mayor of the City of ) | |
| Medina, MEDINA POLICE DEPT., ) | |
| JERRY MORRIS, in his individual and official ) | |
| capacities as the Chief of Police of the City of ) | |
| Medina, FRANK BAKER, WAYNE SHEEHAN, ) | |
| TERRY SHELTON, and CATHY PARRETT ) | |
| in their individual and official capacities as ) | |
| Members of the Board of Aldermen for ) | |
| the City of Medina, ) | |
| ) | |
| Defendants. ) | |

COMPLAINT

I. JURISDICTION AND VENUE

1.  This is an action for damages, declaratory and injunctive relief both preliminary and permanent, to redress the violation of rights secured by the First and Fourteenth Amendments to the United States Constitution.  Jurisdiction is invoked pursuant to 42 U.S.C. § 1983, 1988 and 28 U.S.C.§ 1331.  Declaratory injunctive relief is authorized pursuant to 28 U.S.C. § 2201 and 2202. Plaintiff further invokes the pendent jurisdiction of this Court to hear and determine claims arising under state law, including T.C.A.§50-1-304 the Tennessee Whistleblower Protection Statute and

1

T.C.A. §§ 38-3-101 (38-8-301) et. seq. pertaining to the discipline of Police officers. All of the actions complained of herein occurred in Gibson County, Tennessee within the jurisdiction and venue of this Court.

## II. PARTIES

2. Plaintiff, Chris McNabb, is a resident of Gibson County, Tennessee, and was employed by the City of Medina as a police officer in that department and was the Defendant City of Medina's "employee" as that term is defined under T. C. A. §50-1-304 (g)(1).

3. Defendant, City of Medina, Tennessee, is a municipality duly incorporated under the laws of the State of Tennessee, located in Gibson County, Tennessee and was the Plaintiff's "employer" as that term is defined under T. C. A. §50-1-304 (g)(2).

4. Defendant, Mayor Vance Coleman, is and was at all times mentioned in this complaint the duly elected and acting Mayor of the City of Medina, Tennessee, and was acting under color of law, to wit: under color of the statutes, charter, and ordinances, regulations, policies, customs and usages of the State of Tennessee and the City of Medina, Tennessee; and is a resident of Medina, Gibson County, Tennessee. Defendant Coleman is sued in his individual capacity and in his official capacity as the policy maker for the City of Medina, Tennessee.

5. Defendant, Jerry Morris, is and was at all times mentioned in this complaint the duly elected and acting Chief of Police of the City of Medina, Tennessee, and was acting under color of law, to wit: under color of the statutes, charter, and ordinances, regulations, policies, customs and usages of the State of Tennessee and the City of Medina, Tennessee; and is a resident of Medina, Gibson County, Tennessee. Defendant Morris is sued in his individual

capacity and in his official capacity as the policy maker for the City of Medina, Tennessee Police Department.

6. Defendants, Frank Baker, Wayne Sheehan, Terry Shelton, and Cathy Parrett, are and were at all times mentioned in this complaint the duly elected and acting Board of Aldermen of the City of Medina, Tennessee, and were acting under color of law, to wit: under color of the statutes, charter, and ordinances, regulations, policies, customs and usages of the State of Tennessee and the City of Medina, Tennessee; and were residents of Medina, Gibson County, Tennessee. Defendants Frank Baker, Wayne Sheehan, Terry Shelton, and Cathy Parrett are sued in their individual capacities and in their official capacities as policy makers for the City of Medina, Tennessee.

### III.  STATEMENT OF CLAIMS

7. Plaintiff began his employment as a police officer for the City of Medina Police Department on or about June 15, 2007 and was promoted to Sergeant on or about November of 2007. Plaintiff avers that he was an exemplary officer and was never subject to any disciplinary actions while an officer for the department.

8. On or about January of 2008, the Plaintiff was approached by the Defendant, Mayor of Medina, Vance Coleman, and asked to only write traffic citations to people residing outside of the city limits. The Plaintiff advised the Mayor that such a policy was illegal and in violation of the department's policies and procedures and refused the Mayor's request.

9. On or about January 20, 2008, Plaintiff issued a citation to Virginia Boyd, a resident of Medina. While he was writing the citation, Ms. Boyd requested that he refrain from

writing her the ticket because she and the Defendant Mayor "went way back". Plaintiff refused her request and wrote the ticket. Ms. Boyd initially refused to sign the receipt for the ticket but did so when she was advised that the alternative was to be arrested.

10. On February 6, 2008, the Mayor delivered a letter to Plaintiff requesting to be allowed to view the "camera tape" of the incident because of an "inquiry by Ms. Boyd". The Plaintiff responded in writing, which he delivered to the Mayor on the same date, stating that he was "not entitled to view [it] without a court order or subpoena from a Judge or from the District Attorney's office". In that letter, the Plaintiff also advised the Mayor that if Ms. Boyd wished to file a complaint against him with the department she would be required to use the established complaint process established by the "police department's policy and procedure." Upon receiving Plaintiff's response, the Mayor became extremely agitated and told the Plaintiff that he did not have to file the form and that "he was the G-D Mayor of the town and he could look at or do anything". When the Plaintiff continued to refuse to let the Mayor see the tape, the Mayor told the Plaintiff that "he would not like the outcome of the road [the Plaintiff] wanted to travel my friend".

11. The Mayor and Chief of Police exhibited open hostility toward the Plaintiff following the above incidents and began a pattern and practice of retaliation against the Plaintiff. Shortly after these incidents, Plaintiff's shifts were changed and he was ultimately put on the midnight shift. Also in late April or early May of 2008, Plaintiff had surgery which required him to be off work for several weeks. Previously, employees who had to be off work for an extended time for medical reasons were allowed to have the other officers "donate" paid sick days to the

employee to help the employee to maintain a stream of income while they were out. When Plaintiff requested that he be afforded the same opportunity the Chief initially indicated that he could, however, the request was later denied without explanation. Plaintiff was subsequently later told that this issue could be presented to the Board of Alderman at a regular meeting. Before it could be presented, however, the Plaintiff was advised by Defendant, Terry Shelton, one of the Board members, that the Mayor had indicated that if the Plaintiff attempted to present this issue at the Board meeting he would be fired.

12. On or about July 27, 2008, the Plaintiff reported to his supervisor, Lt. Terry Sumner, that he had seen a patrol officer for the Defendant City purchasing beer from a convenience store while in uniform, in violation of department's policy and procedure. On or about July 28, 2008, the Plaintiff reported to the State of Tennessee pursuant to the established reporting procedures that Defendant Mayor regularly smoked cigarettes in a public building in violation of State law. Plaintiff avers that above incidents involved speech protected by the First Amendment to the United States Constitution.

13. On July 22, 2008, the Plaintiff was provided a notice of a formal write-up from the Defendant Chief of Police entitled "Median Police Department Observed Behavior Report" accusing the Plaintiff of allowing a former officer to obtain property from the department that actually belonged to the former employee. The write-up indicated that "the next time this happened Sgt. McNabb will receive 3 days off without pay". Nothing further was said about this incident and Plaintiff continued to work until July 30, 2008 when, upon reporting to work, he was called into the Defendant Chief's office and advised that his employment as a police officer

with the Defendant City was being terminated immediately.  A few days later, the Plaintiff was provided a note from the Chief that he was being terminated for the incident with the former officer obtaining his property and indicating that the Plaintiff "had the right to appeal this decision before the Board of Alderman".  On or about August 3, 2008, the Plaintiff gave the Chief and the Mayor both a letter requesting a hearing to appeal the decision terminating his employment.  Plaintiff has never been provided an opportunity for a hearing to appeal his termination.

## COUNT I

## FIRST AMENDMENT CLAIMS

14. Plaintiff incorporates by reference the factual statements contained in paragraphs 2 through 13 of the complaint.

15. Plaintiff avers that the Defendant City of Medina and each of the named Defendants, acting separately and/or conspiring together, under color of law, in either or both their individual and/or official capacities and as policy makers for the City of Medina, retaliated against the Plaintiff for engaging in speech protected by the First Amendment to the United States Constitution in violation of Plaintiff's rights under said Amendment resulting in the damages listed below.

## COUNT II

## FOURTEENTH AMENDMENT DUE PROCESS CLAIMS

16. Plaintiff incorporates by reference the factual statements contained in paragraphs 2 through 13 of the complaint.

17.     Plaintiff submits that the Defendant City of Medina had in place at the time of his termination certain policies and procedures granted by the City of Medina's Policies and Procedures Handbook and City of Medina Police Department's Policies and Procedures Handbook as guaranteed by the City Charter of Medina, applicable to Plaintiff, guaranteeing him the right to certain procedures pertaining to disciplinary actions, including demotions, shift changes and termination, which the Defendants failed to follow.  Plaintiff further avers that the State of Tennessee had in place certain statutory laws, including but not limited to T.C.A. §§ 38-3-101 (38-8-301) *et. seq*. that guaranteed Plaintiff certain procedures prior and/or subsequent to any dismissals, demotions, suspensions, or transfers for punitive reasons.  Plaintiff further avers that these statutes, policies, and procedures created rights enforceable under the due process clause of the Fourteenth Amendment to the United States Constitution, and that each of the Defendants acting separately and/or conspiring together, under color of law, in either or both their individual and/or official capacities and as policy makers for the City of Medina, denied him procedural due process of law within the meaning of the Fourteenth Amendment to the United States Constitution, when they failed to afford him these procedures resulting in the damages listed below.

## COUNT III

### TENNESSEE WHISTLE-BLOWERS STATUTE

18.     Plaintiff incorporates by reference the factual statements contained in paragraphs 2 through 13 of the complaint.

19. Plaintiff avers that above stated acts of the Defendant City Medina, acting as the Plaintiff's employer was a termination of his employment in retaliation for the Plaintiff having refused to engage in or remain silent about illegal activities, in violations of his rights under T.C.A. §50-1-304.

## IV.  DAMAGES

20. As a direct and proximate cause of the foregoing deprivations of constitutional freedoms and statutory rights committed by Defendants, Plaintiff has suffered mental anguish, public humiliation, diminished reputation, loss of employment, benefits of employment, and has had to retain legal counsel to defend and prosecute his rights.

21. As a basis for punitive damages, Plaintiff would show that the deprivations of constitutional freedoms and statutory rights by Mayor Coleman, Police Chief Morris, and the Board of Aldermen were knowingly, intentionally, and maliciously done; and said acts were further an abuse of the power and trust for public officers.

## V.  PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY REQUESTS THAT THE COURT:

a. Declare Defendants' actions taken against Plaintiff to be in violation of 42 U.S.C. § 1983 and in contravention of the First and Fourteenth Amendments to the United States Constitution and the laws of the State of Tennessee.

b. Enter preliminary, and thereafter a permanent injunction enjoining Defendants from engaging in the practices in violation of the United States Constitution complained of herein.

c. Accept jurisdiction of the pendant state claims alleged in the complaint.

d. That Plaintiff be awarded compensatory damages against all Defendants as authorized by 42 U.S.C. § 1983 and state law in the amount to which he shows himself entitled.

e. Award plaintiff punitive damages against the individually named Defendants in there individual capacities.

f. Award Plaintiff his costs, including a reasonable attorney's fee pursuant to 42 U.S.C. § 1988.

g. Award plaintiff further relief, general and specific, to which he may be entitled to in the premises.

h. Plaintiff demands a jury be impaneled to try this cause.

Respectfully Submitted,

WEINMAN & ASSOCIATES

  /s/ Michael L. Weinman
Michael L. Weinman (BPR # 015074)
Attorney for Plaintiff
P.O. Box 266
Jackson, TN 38302
(731) 423-5565