IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHRIS MCNABB, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CITY OF MEDINA, TENNESSEE, VANCE ) | No. 1:08-cv-01206-JDB |
| COLEMAN, in his individual and official ) | |
| capacities as Mayor of the City of Medina, ) | JURY DEMANDED |
| MEDINA POLICE DEPT., JERRY MORRIS, ) | |
| in his individual and official capacities as ) | |
| Chief of Police of the City of Medina, FRANK ) | |
| BAKER, WAYNE SHEEHAN, TERRY ) | |
| SHELTON, and CATHY PARRETT in their ) | |
| individual and official capacities as Members ) | |
| of the Board of Aldermen for the City of ) | |
| Medina, ) | |
| ) | |
|     Defendants. ) | |

## ANSWER OF DEFENDANTS

The defendants, the City of Medina, Tennessee, Medina Police Department, Vance Coleman, Jerry Morris, Frank Baker, Wayne Sheehan, Terry Shelton and Cathy Parrett, Medina Police Department, in their individual and official capacities as Mayor, Police Chief of the City as Members of the Board of Aldermen for the City of Medina, Tennessee, for Answer to the Complaint filed against them in this cause respond as follows:

### I.  FIRST DEFENSE (Response to Specific Allegations in the Complaint)

1. Pertaining to the allegations contained in numerical paragraph 1 of the Complaint, the defendants admit that this is an action for damages, declaratory and injunctive relief to redress

the alleged violation of rights under the First and Fourteenth Amendments to the United States Constitution and the Tennessee Whistleblower Protection Statute and other Tennessee State Law; but the defendants deny that they violated the plaintiff's First and Fourteenth Amendment rights or state law.  The defendants admit that the plaintiff purports to invoke the jurisdiction of this Court pursuant to 42 U.S.C. §§ 1983 and 1988 and 28 U.S.C. §§ 1331, 2201 and 2202; however, the defendants deny that their actions and/or conduct fall within the preview of these sections of the United States Code.  The defendants further deny that declaratory and injunctive relief is authorized pursuant to any provision of the United States Code.  The defendants admit that the plaintiff purports to invoke the pendent jurisdiction of this Court to hear and determine claims arising under state law;  but they deny that the Court should exercise supplemental jurisdiction over such state law claims and they further deny that they violated the common law of the State of Tennessee, state public policy and/or the Tennessee Constitution.  The defendants admit that the actions complained of herein occurred in Gibson County, Tennessee, within the jurisdiction and venue of this Court.

   2.  The defendants admit the material allegations contained in numerical paragraph 2 of the Complaint.

   3.  The defendants admit the material allegations contained in numerical paragraph 3 of the Complaint.

   4.  The defendants admit the material allegations contained in numerical paragraph 4 of the Complaint.  The defendant Mayor Vance Coleman admits that he is being sued in his official and individual capacities; but he denies that he has any liability to the plaintiff in his official or individual capacity or otherwise.

5. The defendants admit the material allegations contained in numerical paragraph 5 of the Complaint. The defendant Police Chief Jerry Morris admits that he is being sued in his official and individual capacities; but he denies that he has any liability to the plaintiff in his official or individual capacity or otherwise.

6. The defendants admit the material allegations contained in first grammatical sentence of numerical paragraph 6 of the Complaint, with the exception that they deny that they took any action with respect to the plaintiff. The defendants Alderman admit that they are being sued in their official capacities and individual capacities; but they deny that they have any liability to the plaintiff in their official and/or individual capacities or otherwise.

7. The defendants admit the material allegations contained in first grammatical sentence in numerical paragraph 7 of the Complaint. The defendants deny the remaining allegations contained in paragraph 7 of the Complaint.

8. The defendants deny the material allegations contained in numerical paragraph 8 of the Complaint.

9. The defendants admit that the allegations contained in the first numerical sentence of paragraph 9 of the Complaint. Upon information and belief, the defendant believes that the Plaintiff wrote Ms. Boyd a ticket. The defendants are without knowledge to admit or deny the remaining allegations contained in paragraph 9 of the Complaint.

10. The defendants admit the allegations contained in the first grammatical sentence of paragraph 10 of the Complaint. The defendants admit the allegations contained in the second grammatical sentence of paragraph 10 of the Complaint. With respect to the third grammatical sentence of paragraph 10 of the Complaint, the defendants admit that the plaintiff did write a letter to that effect. The defendants deny the allegations contained in the fourth grammatical

sentence of paragraph 10 of the Complaint. With respect to the remaining allegations contained in paragraph 10 of the Complaint, the defendants admit that the Mayor wanted to view said tape and aver the Mayor had the legal authority to review the tape. The Mayor also warned the plaintiff about his insubordination. The defendants deny the remaining allegations contained numerical paragraph 10 of the Complaint. Furthermore, the Defendants aver that the plaintiff's belief that the Mayor could not view the tape is not supported by any law.

11. The defendants deny the allegations contained in first grammatical sentence of numerical paragraph 11 of the Complaint. The defendants admit that the shifts were changed; however, the change was not the result of any action or inaction of the plaintiff. The defendants admit that the plaintiff had surgery, which required him to be off work for several weeks. The defendants aver that they do not believe that the policy referred to by the plaintiff occurred during the current mayoral administration. The defendants aver that the Chief of Police may have indicated that the sick leave could be exchanged; however, after the City researched the issue, it was determined that such a policy could not be used. The defendants aver that the plaintiff was advised that he could present the issue at the Board of Alderman. The defendants deny that Terry Shelton advised the plaintiff that if he presented the action to the Board, he would be terminated, as he told the plaintiff if he appeared at the meeting to present the issue and acted in a belligerent or hostile manner toward the Board, his job might be at risk for such action. The defendants deny the remaining allegations contained in paragraph 11 of the Complaint.

12. The defendants admit that the Plaintiff reported said incident to Lt. Terry Sumner; however, to the extent that the Complaint infers that the defendants took action against the plaintiff for said incident, this is denied. The defendants admit that the Mayor was contacted by the State of Tennessee with respect to a complaint about smoking the City hall; however, the

4

Mayor had no knowledge that it was the plaintiff who made the report. The defendants admit that the speech was protected by the First Amendment; however, to the extent the Complaint infers that action was taken against the plaintiff as a result of the speech; said allegation is denied.

13. The defendants admit that the plaintiff was provided a notice of a formal write-up from the Chief of Police regarding his allowing a former officer to obtain property from the department and was warned about the incident. However, due to the nature of the offense and the prior insubordination, a decision was reached to terminate the plaintiff. The Plaintiff was provided a notification of the action and a right to appeal. The plaintiff has requested an appeal and the defendants are attempting to schedule an appeal at this time. The defendants deny the remaining allegations contained in paragraph 13 of the Complaint.

14. In response to numerical paragraph 14 of the Complaint, the defendants incorporate herein all their answers, responses and defenses to the allegations contained in numerical paragraphs 1-13 of the Complaint.

15. The defendants deny the allegations contained in paragraph 15 of the Complaint.

16. In response to numerical paragraph 16 of the Complaint, the defendants incorporate herein all their answers, responses and defenses to the allegations contained in numerical paragraphs 1-15 of the Complaint.

17. The defendants admit that the City of Medina had in place at the time of the plaintiff's resignation certain policies and procedures granted by the City of Medina Police Department Manual Policies and Procedures and the City had a Charter; however, the defendants deny that they did not follow them or that all provisions were applicable to the plaintiff. The defendants avers that the plaintiff was terminated for a legitimate reason and is being granted his

5

procedural rights.   The defendants deny the remaining material allegations contained in numerical paragraph 17 of the Complaint.

      18.      In response to numerical paragraph 18 of the Complaint, the defendants incorporate herein all their answers, responses and defenses to the allegations contained in numerical paragraphs 1-17 of the Complaint.

      19.      The defendants deny the material allegations contained in numerical paragraph 19 of the Complaint.

      20.      The defendants deny the material allegations contained in numerical paragraph 20 of the Complaint.

      21.      The defendants deny the material allegations contained in numerical paragraph 21 of the Complaint.

## II.  AFFIRMATIVE DEFENSES

      1.      The Complaint fails to state a claim against the defendants upon which relief can be granted, pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure.

      2.      The defendants deny that they acted in any manner which could be described as deliberately indifferent to the rights of the plaintiff; and they allege that neither they nor the City of Medina policies, practices and/or customs subjected the plaintiff to the denial of any of his constitutional rights.

      3.      The defendants, to the extent they have been sued in their his individual capacities, have qualified immunity because at all times relevant hereto they acted in an objectively reasonable manner and did not violate any clearly established federal rights of the plaintiff.

4. The defendants, to the extent that they have been sued in their official capacities, assert that the plaintiff is not entitled to recover punitive damages from them.

5. The defendants deny that they were guilty of any actions or conduct which might constitute a state law claim under the statutory and/or common laws of the State of Tennessee; and while the defendants deny that they were guilty of any conduct which would constitute a state law claim under Tennessee statutory and/or common law, the defendant City of Medina has immunity from suit for any such cause of action by virtue of T.C.A. §29-20-205; and the members of the Board of Mayor and Aldermen have immunity by virtue of T.C.A. §29-20-201(b)(2).

6. To the extent that this Court may determine now, or later in this case, that this is not a federal matter, but a Tennessee case governed by the terms of the Tennessee Governmental Tort Liability Act (T.C.A. §29-20-101, et seq.) the defendants have immunity; incorporates herein any defenses to which it is entitled under the Tennessee Governmental Tort Liability Act. and exclusive jurisdiction of any such claims is in the Circuit Court of Gibson County, Tennessee.

7. The defendants' decision to terminate the plaintiff was made for a legitimate reason and was not in any way motivated by or in retaliation for the plaintiff's alleged exercise of his right of free speech.

8. The plaintiff did not have a protected property interest and/or liberty interest in his employment with the defendant.

9. The plaintiff's alleged injuries/damages were proximately caused by or contributed to by his own conduct, thereby reducing or barring his claim.

10. Any injuries/damages allegedly suffered by the plaintiff were not proximately caused by any negligent and/or wrongful act and/or omission on the part of these defendants, either individually or collectively.

11. The Medina Police Department is an agency of the City of Medina and not a separate legal entity. Therefore, the Medina Police Department is not capable of being sued and is not a proper defendant.

12. Defendants aver that an action against the defendants in their official capacities is superfluous because the municipality has simultaneously been sued; and therefore, all actions against defendants in their official capacities should be dismissed.

13. To the extent that the plaintiff has made a claim for punitive damages against the defendants who have been sued in their individual capacities, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, defendants move for a bifurcated trial on the issues of liability and the amount of punitive damages, if any, to which the plaintiff might be entitled.

### III. THIRD DEFENSE

1. All of the allegations not hereinabove admitted, explained or denied are now denied in each and every material respect.

2. The defendants deny that they are liable to the plaintiff in any amount for any reason or that the plaintiff is entitled to any other form of relief from them.

WHEREFORE, the defendants demand a judgment dismissing the claims against them, together with an award of costs and disbursements, including award of attorney's fees, and/or such other and further relief that this Court deems appropriate.

Respectfully submitted,

FLIPPIN, COLLINS & HILL, P.L.L.C.

By: _____s/ Michael R. Hill_____
    MICHAEL R. HILL (BPR #017409)
    PAMELA VAWTER (BPR #024768)
    Attorneys for Defendants
    P. O. Box 679
    Milan, TN 38358-0679
    (731) 686-8355
    mh_fch@bellsouth.net
    pv_fch@bellsouth.net

SPRAGINS, BARNETT & COBB, PLC

BY:_____s/ Jerry P. Spore_____
    JERRY P. SPORE (BPR #15033)
    Attorneys for Defendants
    312 E. Lafayette, P.O. Box 2004
    Jackson, TN 38302-2004
    (731) 424-0461
    jpspore@spraginslaws.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of this pleading or document was served upon the following via the court's Electronic Court Filing System:

Michael L. Weinman
Attorney for Plaintiff
Weinman & Associates
P.O. Box 266
Jackson, TN 38302

This, the 6th day of October, 2008.

FLIPPIN, COLLINS & HILL, P.L.L.C.

By: ____s/Michael R. Hill_____
    MICHAEL R. HILL (#17409)